° KIRCH v. SCHEID.

(Supreme Court, Appellate Term. January 5, 1911.)

1. PRINCIPAL AND AGENT (§ 124*)—AGENT'S AUTHORITY—JURY QUESTIONS.

In an action by an employer to recover the amount of his check given by his employé to defendant in discharge of the employé's debt to defendant, held, under the evidence, jury questions whether the employé was an authorized general agent, and acting as such in incurring such debt, and whether defendant knew that the employé was fraudulently

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

using the check to pay his own debt, making it error to direct a verdict for plaintiff.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 724; Dec. Dig. § 124.*]

2. PRINCIPAL AND AGENT (§ 119*)—AUTHORITY OF AGENT—BURDEN OF PROOF.

An employer, suing for the amount of his check given by his employé, had the burden of showing that the check was used for an unauthorized purpose.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 391–401; Dec. Dig. § 119.*]

Appeal from City Court of New York, Trial Term.

Action by Herman A. Kirch against Constantine M. Scheid. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Henry M. Gescheidt, for appellant.

Weed, Henry & Meyers (John W. Weed, of counsel), for respondent.

GIEGERICH, J. This plaintiff, at one time, was engaged in the hotel business at Hudson street, in this city. He had in his employ one Steiner. Steiner obtained from the defendant the sum of $500, $300 in defendant's check and $200 in cash. For this loan he gave a note. Subsequently he paid this note, by his employer's check for $600, receiving the difference between the note and check in cash. The plaintiff sued the defendant to recover the amount of this check, claiming that the check, which had been signed by him in blank, was filled out with the date and the defendant's name as payee without the authority of the plaintiff, and was a fraudulent misappropriation of the plaintiff's funds, and that defendant received said check and collected the amount named therein "with notice and knowledge of the misappropriation of said check by said Steiner." After the close of the case, and against the objection of defendant's counsel, the court below directed a verdict in favor of the plaintiff for the full amount.

There was undisputed evidence in the case that Steiner, at the time of the transactions with the defendant, was manager of the plaintiff's hotel and business of selling steamship tickets. The plaintiff was in Europe much of the time, and the check in question was left, with others, by the plaintiff upon his departure, signed by him in blank, leaving the date and payee's name to be inserted by Steiner. It is also conceded that a part, at least, of the loan obtained from the defendant, was deposited in plaintiff's bank and paid out in the course of plaintiff's business. Substantially the only questions at issue were whether or not Steiner was the authorized agent of the plaintiff in the general management of his business, and authorized to make such loan for the benefit of his employer, and was acting within the scope of his authority in so doing, and whether or not the defendant had actual knowledge, or that the transactions under which the loan was made were such that knowledge that Steiner was using his employer's check fraudulently and for the purpose of paying his personal indebtedness,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

126 N.Y.S.—40

and not that of his employer, could be imputed to him. These issues were purely questions of fact for the determination of the jury. There was no direct evidence of knowledge on the part of the defendant that Steiner was using the plaintiff's check for an unwarranted purpose This it devolved upon the plaintiff to show. It is true that there was evidence from which the jury might reasonably have so found; but there was also evidence from which the jury could as reasonably have said that Steiner was authorized to make the loan in the conduct of his employer's business, and that the loan was for such purpose. The case should have been submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.